IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| EDWARD STEWART, #117 644 | * | |
| Plaintiff, | * | |
| v. | * | 2:04-CV-650-WKW (WO) |
| DR. ROBBINS, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Edward Stewart ["Stewart"], an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action on July 1, 2004. He seeks and award of damages and injunctive relief from Defendants Dr. Michael Robbins, Prison Health Services, Inc. ["PHS"], and Commissioner Donal Campbell[1] complaining that he was denied adequate medical treatment during his confinement at the Kilby Correctional Facility ["Kilby"].[2]

Defendants filed answers, special reports, and supporting evidentiary

---

[1] Commissioner Campbell has now been replaced by Commissioner Richard Allen.

[2] During the pendency of this action Cook was transferred to the Staton Correctional Facility located in Elmore, Alabama.

materials addressing Stewart's claims for relief.  Pursuant to previous orders of this court, the undersigned deems it appropriate to treat the special reports as motions for summary judgment.  (*See* Doc. No. 17.)   Thus, this case is now pending on Defendants' motions for summary judgment.  Upon consideration of these motions, the evidentiary materials filed in support thereof, and Stewart's opposition to the motions, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I. BACKGROUND

Steward underwent open-heart surgery on June 3, 2004 at a hospital in Anniston, Alabama.  Stewart's physicians indicated that he should return for follow-up care and  prescribed him various medications including Lopressor, Cardizem, Lisinopril, Lipitor, Imdur, Tylox, a multi-vitamin, and Levaquin. Stewart maintains that he received none of these prescriptions at Kilby.  He further asserts that  due to Department of Corrections' policy, Dr. Robbins refused his repeated requests for follow-up care with his free-world heart surgeons or other cardiac specialists.  (Doc. No. 1.)

Stewart alleges that on one occasion he had to wait several hours for medical

attention in response to his complaints of chest pain.  On two occasions Stewart maintains that he was exposed to unsanitary conditions.  Specifically, Stewart complains that on June 13, 2004 an inmate who had feces, blood, and urine on his bed linens and skin was lying right beside Stewart and was left in this condition for hours unattended and that on June 16, 2003 there was blood and urine on the floor next to Stewart's bed which remained there for 24 hours.[3]   (Doc. No. 1.)

Defendants deny that they acted with deliberate indifference to Stewart's medical needs and, instead, maintain that they provided him with all necessary treatment following his heart surgery.  The medical records indicate that medical personnel evaluated and provided appropriate treatment to Stewart in connection with his post-operative care.   The specific care and treatment provided depended upon the observations and evaluations of Stewart's condition by the attending health care professionals.  (Doc. No. 15, Exh. A, Doc. No. 19, Exhs. B, C.)

Stewart's medical records show that on June 2, 2004 he  underwent coronary artery bypass grafting surgery at the Northeast Alabama Regional Medical Center in Anniston, Alabama.  He was transferred to Kilby on June 11, 2004 and placed in

---

[3] Stewart states that he was exposed to these unsanitary conditions as he lay on his bed uncovered and unprotected with open wounds on his chest and arms.

3

the infirmary where he remained under observation until June 21, 2004 when Dr. Robbins determined it appropriate to transfer Stewart to general population. While Stewart made various complaints of post-operative chest pain, Defendant Robbins maintains that such complaints are common among post-operative cardiac patients. Nonetheless, medical personnel examined and evaluated Stewart when he made such complaints and provided treatment whenever necessary. Stewart received a special cardiac diet, various medical profiles, and appropriate medication during his incarceration at Kilby. He recovered well from his surgical wounds and his condition remained stable throughout the time he remained at Kilby. While Stewart did make requests that he be seen by a specialist, he received appropriate and necessary care at Kilby and his condition was never such that examination and/or treatment by a free-world specialist was medically indicated. (Doc. No. 15, Exh. A, Doc. No. 19, Exhs. B, C.)

Defendant Robbins denies Stewart's contention that he was exposed to unsanitary conditions during his confinement in Kilby's infirmary. Dr. Robbins affirms that the conditions in Kilby's medical unit during the time Stewart was housed there were sanitary from a medical perspective and that Stewart was never

exposed to any potential disease-causing agents. Further, Dr. Robbins points out that Stewart never displayed any signs or symptoms of infection and remained afebrile while at Kilby. (Doc. No. 15, Exh. A, Doc. No. 19, Exh. C.)

## II. STANDARD OF REVIEW

To survive Defendants' properly supported motions for summary judgment, Stewart is required to produce some evidence which would be admissible at trial supporting his constitutional claims. *See* Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element

essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits

before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Stewart has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

### III. DISCUSSION

*A. Injunctive Relief*

Stewart is no longer housed at Kilby which is where he was incarcerated when he filed this action. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or

controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Stewart is no longer incarcerated at Kilby, his request for injunctive relief, which has been rendered moot as a result of his transfer, is due to be dismissed.

*B. Respondeat Superior*

It is undisputed that Commissioner Campbell was not involved in the provision of Stewart's medical care. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). Stewart has come forward with no evidence demonstrating existence of the requisite causal connection with respect to his claim of inadequate medical care against Defendant Campbell.

With regard to Stewart's contention that Defendant Campbell is liable for the actions of the prison health care providers due to his supervisory role, such claim must likewise fail. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th

Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). In light of the foregoing, the court concludes that Defendant Campbell's motion for summary judgment with respect to Stewart's medical treatment claim is due to be granted.

*C. Deliberate Indifference*

To prevail on a claim concerning an alleged denial of adequate medical treatment in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendants acted with deliberate indifference to his health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). When seeking relief based on deliberate indifference of correctional medical personnel, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the official must know of and then disregard an excessive risk to the

9

prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).  Consequently, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference).  Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).  Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation

> merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop*, 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop*, 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Thus, to survive summary judgment on his claim of deliberate indifference, Stewart is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants'

11

deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The evidentiary materials submitted by Defendants PHS and Robbins demonstrate that prison medical personnel maintained a watchful eye on Stewart during his post-operative recovery period and after his release from the infirmary. Medical personnel routinely monitored and evaluated him and provided treatment in accordance with their assessment of his condition. Stewart's medical records also reflect that he was prescribed appropriate medications,[4] testing, and treatment for his condition. Additionally, medical personnel ordered various profiles and other substantive treatment when they deemed such necessary upon evaluation of Stewart's condition and/or complaints. There is no indication in Stewart's medical records that he was ever denied any necessary medication or treatment or that he suffered any injury or damage due to a denial of or deficiency in medical care while at Kilby. (Doc. No. 15, Exh. A, Doc. No. 19, Exhs. B, C.)

This court has conducted a thorough and careful review of all the evidentiary materials submitted by the medical defendants in this case. From that review, the

---

[4] Stewart's medical records show that at various times his prescription medications included but were not necessarily limited to Lopressor, Cardizem, Motrin, Imdur, Lescol, ASA, and multi-vitamins. (Doc. No. 15, Exh. A.)

12

undersigned finds that Stewart received routine, timely, and appropriate medical care, treatment, and medication in connection with his condition and post-operative status. He has no constitutional right to specific medical treatment on demand simply because he thinks he needs a certain procedure nor does he have a constitutional right to be treated by a specific doctor, nurse, or other medical personnel. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("Society does not expect that prisoners will have unqualified access to health care."). Further, to the extent Stewart's claim is based upon his own disagreement with the prison medical staff about his medical treatment, such claim does not amount to deliberate indifference. *Estelle*, 429 U.S. at 107; *Hamm* , 774 F.2d. At 1575. Additionally, any claim that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Hill*, 40 F.3d at 1188. Here, the court finds that no verifying evidence has been produced tending to establish any detrimental effect of delay in providing medical services or medical care to Stewart while he was incarcerated at Kilby.

Based on the foregoing, the court finds that Stewart has failed to establish that his constitutional rights were violated by Defendants. Assuming, *arguendo*, that

Stewart's condition constitutes a serious medical need, he has not presented evidence of Defendants' deliberate indifference. Nor has Stewart shown that their treatment decisions reflected a substantial departure from accepted professional judgment, practice, or standards which tends to show that they did not make decisions based on such judgments. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). While Stewart may believe that his condition required a referral to or treatment by a specialist, the fact that medical personnel at Kilby found this course of action neither medically necessary nor medically indicated does not establish deliberate indifference. As noted, a difference of opinion between an inmate and health care personnel regarding the expediency of a specific treatment does not generally create a constitutional claim, and does not do so in the instant case. *Waldrop*, 871 F.2d at 1033; *Hamm*, 774 F.2d at 1575. Stewart has failed to come forward with any evidence showing that the medical defendants knew that the manner and environment in which they were treating him created a substantial risk to him and that they disregarded that risk. In the absence of such a showing by Stewart, Defendants PHS and Robbins' motion for summary judgment is due to be granted.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for summary judgment filed by Defendants (Doc. Nos. 10, 15) be GRANTED;

2.  Judgment be GRANTED in favor of Defendants and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **July 5, 2006** the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of June 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE